IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARILYN J. MOSBY,**<br><br>                **Defendant.** | **Criminal No. LKG-22-7** |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION
TO EXCLUDE SUMMARY CHARTS AND TESTIMONY**

    The Court should deny the Defendant's most-recent motion to exclude summary charts and testimony related to her financial accounts. The evidence is highly probative of facts relevant to the Government's case in chief. The Defendant's request for excluding the evidence appears to be based solely on a request for the Court to direct the Government to stipulate to facts at trial about which the Defendant has only recently conceded. Such a request is inconsistent with both Fourth Circuit and Supreme Court precedent. To the extent the parties wish to agree to stipulations pertaining to evidence in the case, the decision should be left to the parties, and the Court should decline the Defendant's motion to order the Government to stipulate away relevant facts at trial.

    **I.    BACKGROUND**

    The Defendant's motion represents the fifth time the Defendant has attempted to keep evidence of her finances from the jury in some form or fashion. First, she moved, "to preclude the government's forensic expert from testifying at trial." *See* ECF 80. In that motion, the Defendant claimed that the proposed testimony was expert testimony, and that she had not been given proper notice. *See id.* at 1. The Defendant next moved, under Federal Rules of Evidence 401 and 403 to

exclude evidence of how her withdrawn 457(b) funds were used. *See* ECF 83. The Court denied both of these motions. *See* ECF 105 at 17-19. The Court first ruled that:

> [T]he Court is satisfied that Ms. Bender will serve as a lay witness at trial . . . A careful review of the proposed testimony of Ms. Bender makes clear that her testimony is proper under Fed. R. Evid. 1006, because she will summarize voluminous bank and credit card statements relevant to the charges in this case.

*Id.* at 18. The Court next ruled:

> Because evidence about how Defendant used her withdrawn funds is relevant to, and highly probative of, whether Defendant suffered "adverse financial consequences" due to the coronavirus, the Court declines to exclude this evidence.

*Id.* at 19. The Court further stated, "Defendant also has not shown that the probative value of this evidence is *substantially* outweighed by a danger of unfair prejudice, confusing the jury, or wasting time." *Id.* at 19 (citing Fed. R. Evid. 403).

Next, the Defendant filed a motion in limine "to exclude irrelevant and prejudicial evidence regarding defendant's finances." ECF 157. In this motion, the Defendant's prior counsel made no mention of any stipulations or concessions as to which of the enumerated causes of adverse financial consequences the Defendant claims was in her mind when she signed her withdrawal forms. The Court did not have the opportunity to rule on that motion, as prior counsel withdrew from the case. *See* ECF 188. Subsequently, the Defendant moved, in her Reply to the Government's Response to her Motion for Severance, for the Court to reconsider its ruling at ECF 105. *See* ECF 217 at 11-15. In that filing, the Defendant also made no mention of confining her defense to one enumerated cause of her adverse financial consequences. While arguing what she claimed to be the irrelevance of the evidence, she stated,

> **A one-week furlough or a ten-day quarantine** might cost an enrollee $1,000 or less—a loss that many middle- and upper-middle-class workers are able to absorb. There is no reason to expect such a person to spend the

2

> withdrawal on exactly the same basket of goods and services she would have purchased in a non-covid world.

ECF 217 at 14 (emphasis added). The Court has declined to revisit its clear and well-supported decision that evidence of her use of her withdrawal funds to purchase homes in Florida is relevant and admissible.

The Defendant, at ECF 252, now seeks to exclude the same evidence by claiming that the evidence is either irrelevant or unfairly prejudicial. Her sole argument in this motion appears to be her position—established now clearly for the first time 18 months after indictment—that she "has never claimed and will not argue at trial, that she (1) was quarantined, furloughed, or laid off, (2) had reduced work hours, or (3) was unable to work due to lack of child care."[1] ECF 252 at 3. As a result of this apparent concession, the Defendant claims that evidence of her finances is irrelevant and unfairly prejudicial.

## II.     LEGAL STANDARD

Rule 403 "is a rule of inclusion, generally favoring admissibility." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023); (quoting *United States v. Udeozor*, 515 F.3d 260, 264-65 (4th Cir. 2008)). "Where evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.' " *Id.* (quoting *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008)); *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). In *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007), the Fourth Circuit emphasized that the exclusion of evidence pursuant to Rule 403 should be ordered only rarely,

---

[1] The Defendant states in her motion: "In fact, she had told the government she is willing to stipulate that she did not experience any of these three circumstances as a result of covid." ECF 252 at 3. This was communicated to the Government by email only two days prior to the filing of the instant motion.

3

because the general policy of the Federal rules is that all relevant material should be laid before the jury. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).

The mere fact that evidence damages a defendant's case is not a basis for excluding probative evidence, because "[e]vidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998) (citing *United States v. Queen*, 132 F.3d 991, 998 (4th Cir. 1997) (noting that while evidence was "prejudicial, it was only prejudicial because it was so highly probative"); *see also* 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.21(3)(b) Joseph M. McLaughlin, 2d Ed. 2002) (discussing that unfair prejudice "does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence"). Instead, "unfair" prejudice "damages an opponent for reasons other than its probative value, for instance, an appeal to emotion," *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003), or because it serves to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

The Fourth Circuit has long affirmed that the showing of undue prejudice required by Rule 403 permits exclusion of relevant evidence only where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior. *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980); *United States v. Greenwood*, 796 F.2d 49, 53 (4th Cir. 1986) ("The prejudice which the rule is designed to guard against is jury emotionalism or irrationality."). Any perceived prejudice can be overcome by a cautionary jury instruction, which are given great weight in the Fourth Circuit. *See, e.g., United States v. Sterling*, 860 F.3d 233, 248 (4th Cir. 2017); *United States v. Byers*, 649 F.3d 197, 210-11 (4th Cir. 2011); *United States v. Van*

4

*Metre*, 150 F.3d 339, 351-53 (4th Cir. 1998); *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998); *Queen*, 132 F.3d at 997-98.

"When performing the evaluation required by Rule 403, the court must keep in mind 'the offering party's need for evidentiary richness and narrative integrity when presenting a case.'" *Miller*, 61 F.4th at 429 (quoting *Old Chief*, 519 U.S. at 183). "In light of this standard, 'a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.'" *Id.* (quoting *Old Chief*, 519 U.S. at 186-87). "In other words, 'a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense.' " *Id.* (quoting *Old Chief*, 519 U.S. at 183).

### III.   ARGUMENT

Evidence of the inflows and outflows to the Defendant's bank accounts are highly probative of facts central to this prosecution: namely, that the Defendant did not suffer adverse financial consequences due to the Coronavirus as a result of any of the enumerated causes in the form she submitted under penalty of perjury. The Court has ruled that the Defendant's bank and credit card records are relevant to this prosecution. *See* ECF 105 at 18 ("A careful review of the proposed testimony by Ms. Bender makes clear that her testimony is proper under Fed. R. Evid. 1006, because she will summarize voluminous bank and credit card statements relevant to the charges in this case"). The Defendant's sole claim for the exclusion of this evidence appears to be her position that she "has never claimed and will not argue at trial, that she (1) was quarantined, furloughed, or laid off, (2) had reduced work hours, or (3) was unable to work due to lack of child care." *See* ECF 252 at 3. As such, her position is subject to the clear precedent set forth by the Supreme Court in *Old Chief*, as clarified by the Fourth Circuit in *Miller* just a few months ago that

"a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Miller*, 61 F.4th at 429 (quoting *Old Chief*, 519 U.S. at 186-87).

The Government has a right to present its case in the manner it sees fit. The Defendant's concession, in fact, is no concession at all. The Defendant, through her motion, attempts to cast this trial as narrowly as possible. A trial focused on only one of the four enumerated causes of adverse financial consequences stemming from the coronavirus that were on the box checked by the Defendant would make it seem to the jury more likely that this was the cause in the Defendant's head at the time she filled out the withdrawal form. However, there is no evidence that supports this conclusion. In fact, all manner of evidence points in the opposite direction: that the Defendant checked the box without any basis whatsoever and only later came up with a justification. This is why her justification now is inconsistent with all of her many previous public statements. The Defendant should not be able to now stipulate away her lack of support for any adverse financial consequences as though it were her plan all along. Were it the case that the Defendant made very clear at the time of her submission of the form that she was proceeding under the concept of the closing or reduction of hours of a business she operated, then perhaps her argument would carry a small amount more weight. However, in the absence of that fact, the Government is entitled to prove that the Defendant had no basis for checking the box she did on the form—indeed, that is the Government's burden. Regardless, the manner in which she seeks this trial proceed is inconsistent with the law.

There exists a narrow category of case in which federal courts have excluded specific evidence of a status as a convicted felon within the meaning of 18 U.S.C. § 922(g)(1) when the defendant has offered to stipulate to this fact. *See Old Chief*, 519 U.S. 172; *U.S. v. Grimmond*, 137

F.3d 823 (4th Cir. 1998); *U.S. v. Dunford*, 148 F.3d 385 (4th Cir. 1998). The *Old Chief* Court, in limiting its ruling to the legal status of conviction only, stated:

> What we have said shows why this will be the general rule when proof of convict status is at issue, just as the prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is tried.

519 U.S. at 191-92. The Defendant now claims that, as a result of her offer to stipulate that she did not experience three of the four enumerated causes of adverse financial consequences, that evidence of these facts is "irrelevant." *See* ECF 252 at 2, 3. This is incorrect. Even in *Old Chief*, the Supreme Court found that evidence of the defendant's record of a prior conviction for assault causing serious harm was not inadmissible under Rule 401, observing that, even though cumulative, it was nonetheless relevant because it tended to make a material fact more likely. *See Old Chief*, 519 U.S. at 177-78; *see also Dunford*, 148 F.3d at 395. Accordingly, the only viable avenue for the Defendant to proceed under is Rule 403—that evidence of her finances is so unfairly prejudicial that its probative value is outweighed by that unfair prejudice—and there is simply no comparable case that supports her position.

Just a few months ago, the Fourth Circuit overturned the decision of a district court for granting a similar request from a defendant in circumstances much more potentially inflammatory and prejudicial than those found here. *See Miller*, 61 F.4th 426, 429-33. In *Miller*, the Defendant, who was imprisoned for an unrelated offense, sent a sexually explicit letter to his fourteen-year-old sister describing his fantasy of sexual activity with her. *Id*. He was indicted and charged with transferring obscene material to a person under the age of 16. *Id.* Before trial, the defendant sought to stipulate that he knew he was transferring the letter to an individual under the age of sixteen,

7

which the Government rejected because it intended to call a police officer to testify how the defendant knew the victim's age, namely that they were siblings. *Id.* at 430.

The district court granted the motion, reasoning that the evidence beyond the letter, including the evidence of the relationship, was inadmissible under Rule 403. *Id.* at 430. The Fourth Circuit reversed, finding that the exclusion of this evidence was a plain abuse of discretion. *Id.* at 433. In doing so, the Fourth Circuit stated, "Miller's willingness to stipulate to his knowledge of the victim's age does not reduce the probative value of the evidence." *Id. at 431*. The Fourth Circuit noted the high standard for reversing the district court, but found, "However, this case presents those extraordinary circumstances based on the significance of the Government's evidence to the crime with which Miller is charged, the minimal risk of unfair prejudice, and the need to prevent the Government from being forced to stipulate to Miller's proffer of evidence." *Id.* at 433.

The Defendant claims that it is unfairly prejudicial for the jury to hear that she continued to earn her salary as the State's Attorney while simultaneously claiming to have suffered adverse financial consequences due to the coronavirus. But there is nothing *unfair* about the prejudice flowing from this evidence. Rather, the evidence is prejudicial because it is probative of her intent to commit perjury and that her statement was indeed false. Regardless, any perceived prejudice from such evidence pales in comparison to that represented by the evidence in *Miller*. The Defendant's motion therefore rests on shaky legal ground.

Moreover, even were the Government and Defendant to stipulate that the first three enumerated causes of adverse financial consequences were not applicable to the Defendant, it would still be relevant to review the Defendant's finances to show whether or not she had experienced adverse financial consequences, defined as "negative or unfavorable outcomes related to money," stemming from the coronavirus as a result of the closing or reduction of hours of a

business she owned or operated. In order to conduct that analysis, one would need to review her financial accounts. Such a review would demonstrate that the Defendant never took in any money in 2020 or 2019 for her travel business, which is consistent with her repeated statements to third parties that the business was not operable.

Regardless, the evidence of the Defendant's finances and her lack of any adverse financial consequences is a part of the "narrative integrity" of the Government's case. *See id.* at 432 (quoting *Old Chief*, 519 U.S. at 193). As the Fourth Circuit stated:

> If that narrative flow is interrupted by, e.g., a stipulation, "the effect may be like saying, 'never mind what's behind the door,' and jurors may well wonder what they are being kept from knowing." Stated differently, "[p]eople who hear a story interrupted by gaps of abstraction may be puzzled by the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard."

*Id.* at 432 (quoting *Old Chief*, 519 U.S. at 188, 189) (internal citations omitted). Evidence of the Defendant's finances demonstrating that she suffered no adverse financial consequences stemming from the coronavirus whatsoever, is required for the Government to tell a "complete story" of the defendant's crime that "satisf[ies] the jurors' expectations." *See id.* (quoting *Old Chief*, 519 U.S. at 188). For that reason, the Court should deny the Defendant's requested relief.

**IV.     CONCLUSION**

The Government, in this response, does not state that there are no circumstances under which we might stipulate to some agreed facts with the Defendant. Rather, it is the Government's position that it would be inconsistent with either Fourth Circuit or Supreme Court precedent for the Court to force the Government to do so under such a weak argument of 403 prejudice as the Defendant has presented here. For that reason, the Defendant's motion to exclude evidence of her finances should be denied.

       Respectfully submitted,

       Erek L. Barron
       United States Attorney


By:   _____/s/_____
       Sean R. Delaney
       Aaron S.J. Zelinsky
       Assistant United States Attorneys