IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| ******* | | |

### GOVERNMENT'S REPLY MOTION IN LIMINE TO EXCLUDE ARGUMENT REGARDING FUND OWNERSHIP

The defendant concedes that the money she sought to withdraw was not "hers" prior to her withdrawal.  *See* ECF 268, at 2.  Counterintuitively, the defendant then argues that because the money *became* "hers" "once [she] qualified to take a withdrawal based on Covid-related adverse financial consequences she should be able to refer to the funds as "hers" at all times.  ECF 268, at 3.  However, at issue at trial is whether the defendant properly qualified to make the withdrawals.  There is no dispute between the parties that *prior* to filling out the withdrawal forms—in the words of the defendant herself—the money was "solely the property and rights of [her] employer."  ECF 268, at 2.  Thus, the defendant concedes, it is inaccurate to refer to the funds prior to withdrawal as belonging to the defendant.  Given that the event which caused the funds to become "hers" is the alleged crime, the defendant should not be permitted to confuse the jury by referring to the funds as "hers."

The defendant admits: "It may be true, *as a legal matter*, that money in a 457(b) account is 'held in trust' for participants until they are eligible to withdraw it." [1]  ECF 268, at 1 (emphasis

---

[1] The defendant refers to the funds as shifting to her custody once she was "eligible" for withdrawal. But insofar as the defendant contends that the funds were hers at some amorphous time before she filled out the form, that is incorrect. The plan administrator clearly conditioned the availability of the funds on the self-certification, as permitted by the CARES Act. *See* ECF 231, at 9-10 (collecting CARES Act citations that permit the plan administrator to "choose whether and to what extent to permit such withdrawals" and permitting the administrator to rely on self-certification).

added). That is exactly what the government will argue at trial: "as a legal matter" the funds did not belong to the defendant until she filled out the forms that gave her the eligibility under the CARES Act and the 457(b) plan policy to make the withdrawal. "As a legal matter" the defendant committed perjury when she falsely certified her right to withdraw the funds. Therefore, "as a legal matter," the defendant should not be allowed to argue the funds were "hers" prior to her allegedly falsifying the withdrawal forms.

In response, the defendant argues only that "non-lawyers do not think of money in their retirement accounts as 'money being held in trust for me by my employer.'" ECF 286, at 2. What the defendant posits as a generally-held incorrect belief only highlights the need for precision in language at trial. What nonlawyers may think is beside the point—because (as the defendant concedes) the money was not "as a legal matter" hers before she filed out the withdrawal form. The law is what matters in the courtroom, not what "non-lawyers" may incorrectly think. This Court should restrict the defendant to presenting only what is true "as a legal matter" and not relying on appeals to what "non-lawyers . . . think of money." *Id.*

The defendant further argues that it would be "confusing" to refer to the defendant withdrawing "money that the city of Baltimore was holding in trust for her." ECF 268, at 2. But that is not confusing. It is clear and straightforward. And, contrary to the defendant's assertion, the term "trust" is not "foreign" to most jurors. *See id.* at 2. Most importantly, it is (as the defendant concedes) correct "as a matter of law." ECF 286, at 1.

The defendant expresses concern that the jury will be confused about why the word "trust" is being used, incorrectly stating the phrase "has no obvious connection to this case." *Id.* at 2. The government does not object to the Court instructing the jury as the defendant argues in her own motion: *As a legal matter, the money in a 457(b) account is 'held in trust' for participants until*

*they are eligible to withdraw it. Until that time, the money is "solely the property and rights of the employer."* See ECF 268, at 1 ("[A] a legal matter, that money in a 457(b) account is "held in trust" for participants until they are eligible to withdraw it"; *id.* at 2 ("Once money is 'made available to the participant,' then under § 457(b)(6), it ceases to be 'solely the property and rights of the employer.'"). That instruction is clear, succinct, direct, and taken from the defendant's own pleadings.

## CONCLUSION

The defendant concedes that "as a legal matter" the 457(b) funds were "solely the property and rights of [her] employer" until she filed the withdrawal forms. The defendant should not be permitted to state otherwise to the jury.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   _____/s/_____
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney