IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## TO PROHIBIT CERTAIN CROSS-EXAMINATION

The defendant is a convicted perjurer. She was convicted in a venue of her choosing, on charges she requested be tried by themselves, in the sequence of trials she preferred. Now, she seeks to prohibit the jury from knowing that she is a convicted perjurer when she takes the stand. Her arguments fly in the face of common sense and legal precedent.

In addition, when the defendant was previously held in contempt in Baltimore City Circuit Court she had three times taken an oath to uphold the laws, and therefore the contempt finding concerns her credibility and is a valid grounds of cross-examination. Finally, the defendant told bald-faced lies to her tax preparer about her charitable giving and purported business expenses; she did not rely on his advice. Moreover, the defendant may well place the tax matter directly at issue in her direct testimony, given the centrality of the tax lien in this case. Therefore, the Court should withhold decision on the tax matter at this time.

1. **The Defendant May be Cross-Examined on Her Perjury Convictions**

The defendant first argues that her Fifth Amendment rights will be violated if she is asked about her perjury conviction when she testifies, because she claims she will be "compelled to provide potentially incriminating testimony." ECF 340, at 9. Not so. The Government need not ask the defendant about the facts underlying her conviction for perjury ("*e.g.,* did you lie to

Nationwide?"). The Government merely needs to ask a *whether the defendant was convicted of perjury*. That question is not protected by the Fifth Amendment, since it is no way an admission by the defendant that the conviction was valid. She has been convicted of perjury. The defendant provides no argument or evidence that answering this question in any way violates her Fifth Amendment rights.

What's more, perjury convictions are the archetypal conviction that is allowed for cross examination under Rule 609. Rule 609(a)(2) states that "for any crime . . . the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement." As a result, such offenses are "the most readily admissible of all prior convictions, presumably because such evidence is highly relevant for the jury in assessing credibility." *United States v. Jones*, 254 Fed. Appx. 711 (10th Cir. 2007). *See also*, *United States v. Estrada*, 430 F.3d 606, 618 ("Crimes of impulse or carelessness have little probative value since they say little about the propensity to *engage in calculated law-breaking like perjury*.") *citing* 28 Wright & Gold § 6134 at 233 (emphasis added); *United States v. Meserve,* 271 F. 3d 314, 328 (1st Cir. 2001) ("the phrase "dishonesty and false statement" . . . means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully") *citing* H.R. Conf. Rep. No. 93-1597, at 9 (1974).

In response, the defendant argues that she "has not had a chance to appeal her convictions, which means she retains her Fifth Amendment privilege as to those counts." ECF 340, at 9. But first, the defendant need not be asked about the facts underlying the counts: only if she was convicted. Second, Rule 609 is crystal clear that a pending appeal has no impact on the

admissibility of the evidence: "A conviction that satisfies this rule is admissible even if an appeal is pending. Evidence of the pendency is also admissible."

The Defendant's situation is no different from the many other defendants who face cross-examination on a perjury conviction. She has been convicted by a jury of lying under oath. That is "highly relevant for the jury in assessing credibility." *United States v. Jones*, 254 Fed. Appx. 711 (10th Cir. 2007). Allowing her to be cross-examined about that conviction is not a violation of her Fifth Amendment rights. It is the law.

**2. The Defendant May be Cross-Examined on the Contempt Finding**

The Defendant argues that the defendant's being held in contempt is not evidence "that Ms. Mosby is untruthful." ECF 340, at 5. And the defendant might be right—if the defendant were an ordinary person. But she is not. She is a lawyer who took an oath as an officer of the Maryland Bar, and as City State's Attorney. Her contempt violation indicates she violated both oaths.

Courts are clear that a contempt of court hearing alone against an ordinary citizen is usually insufficient to be probative of truthfulness, because the defendant "did not take an oath to obey the order." *See, e.g.*, *United States v. Brown*, 606 F. Supp. 2d 306 (E.D.N.Y. 2009); *United States v. Khalil*, U.S. App. Lexis 25425, at *5-6 (2nd Cir. Nov. 22, 2005). But the defendant is not ordinary person. She took oaths to obey court orders, and so violating those oaths—and being found in contempt—are clearly probative of her truthfulness.

Consider first the oath the defendant took when she joined the Maryland Bar: "I do solemnly (swear/affirm) that I will at all times demean myself fairly and honorably as an attorney and practitioner at law; that I will bear true allegiance to the State of Maryland, and support the laws and Constitution thereof, and that I will bear true allegiance to the United States, and that I

3

will support, protect and defend the Constitution, laws and government thereof as the supreme law of the land; any law, or ordinance of this or any state to the contrary notwithstanding." *See* M.D. Code § 10-212. The defendant violated her oath when she clearly violated the Court's orders. Indeed, the court noted in that case that it would have proceeded with criminal contempt, but there was no avenue to do so because criminal contempt required the State's Attorney's Office to bring the action.[1]

The defendant also twice took an oath as Baltimore City State's Attorney, declaring that she would "be faithful and bear true allegiance to the State of Maryland, and support the Constitution and Laws thereof." *See* Maryland Constitution, Article 1, Section 9. Again, the defendant violated that oath when she willfully violated a court order and was held in contempt. Were she an ordinary citizen, the contempt hearing would be unlikely to be admissible. But she three times took an oath to follow the law. She was an officer of the Court. And she was the top elected law enforcement official for the largest city in Maryland. She was no ordinary person, and her contempt was no ordinary contempt. Since she flouted her oaths, she may be cross-examined about the contempt.

### 3. The Defendant May Be Cross-Examined About Her Tax Returns

The defendant's lies on her tax returns are fair subjects for cross-examination. She may well place her returns at issue in her direct testimony. In addition, the defendant did not rely on her preparer's advice; she lied to him repeatedly. And her direct testimony may well place her tax returns at issue.

***First***, The Government first observes that in her testimony the defendant may well put her tax returns at issue. After all, the case will hinge in part on the tax debt and lien the defendant lied

---

[1] The Government has the full transcript and holdings of the court in the contempt matter and can make them available to this Court if requested; they are not attached here as they are voluminous.

about to the bank, and so her taxes will be squarely at issue in this matter. The Court cannot rule on this issue without first hearing the defendant's testimony, and if she places her taxes at issue, she may freely be cross-examined regarding the additional lies she told on the taxes.

*Second*, the defendant argues that her false deductions were the result of a "good faith reliance on a tax preparer or an honest mistake." ECF 340, at 6. But the defendant claimed over $18,000 in charitable deductions in a year she gave a tiny fraction of that amount. That is not a mistake by the tax preparer. That is fraud.

The defendant also sent the tax preparer false information related to expenses she claimed were for Mahogany Elite Enterprises that were for personal travel. That is not a reliance on the tax preparer. That is also fraud.

The defendant sent false information to her tax preparer and then signed the return knowing it was false. There was no reliance on a preparer's advice here. Instead, the defendant lied to get a refund on her taxes. The government case present further evidence on this matter via Ms. Bender if required. *See* ECF 340, at 6 (requesting additional evidence).

*Third*, while the defendant argues that cross-examination on tax matters should be disallowed under Rule 403, the defendant fails to address the case she cites in her own brief that such evidence of lies on tax forms are the "archetype of conduct bearing on truthfulness." *United States v. Abair*, 746 F.3d 260, 264 (7th Cir. 2014). And any inquiry would be relatively quick, because the defendant did not engage in a complex or complicated scheme: she merely lied about how much money she gave to charity and whether she had actual business expenses.

*Fourth*, if an in camera hearing is required in which the defendant will invoke her Fifth Amendment rights, the Court may proceed in that manner after hearing all of the defendant's direct testimony. It need not exclude the tax information now.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

                                              Respectfully submitted,

                                              Erek L. Barron
                                              United States Attorney

By:        /s/                      
      Sean R. Delaney
      Aaron S.J. Zelinsky
      Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

                                                   /s/               
                                              Aaron S.J. Zelinsky
                                              Assistant United States Attorney