IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MARILYN J. MOSBY,** <br><br> **Defendant.** | **Criminal No. LKG-22-7** |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SECOND MOTION
TO PRECLUDE TESTIMONY OF NON-PRIVILEGED MATTERS**

The Government files this response to the Defendant's second motion to preclude the testimony of her former attorney, William J. Brennan, regarding information attorney Brennan sent to a third party, namely the Maryland Attorney Grievance Commission. The Government has already responded to the Defendant's motion with our position that the information the Defendant caused her lawyer to send, as well as the communications underlying the letter, are not privileged. *See* ECF 270. Through the instant motion, she still has not made an initial showing that she consulted attorney Brennan for the purpose of securing primarily legal services and, more importantly, that she intended those communications to be confidential. Regardless, the Defendant authorized attorney Brennan to make statements to a third party on her behalf, which eliminates her claim to privilege as to these communications. The Defendant now also makes what appears to be a new argument, this one seeking the Court sanitize that the letter was sent by her lawyer, claiming such evidence is irrelevant or unfairly prejudicial. This new argument should be rejected as well.

I.      **BACKGROUND**

Relevant to the outstanding motion, at issue in this trial is evidence going to the Defendant's knowledge that she and her husband owed a large amount unpaid taxes at the time that she reported to two different lenders that she was not "presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee." The Defendant made the first fraudulent representation in or about September 2020 while she applied for a loan to purchase her Kissimmee, Florida vacation property. This false application also contained an additional fraudulent representation regarding the Defendant's intent to give a management firm control over the property. The second false application was submitted in or about February 2021 during the purchase of her Longboat Key, Florida vacation property, and contained additional falsities relating to a letter the Defendant submitted claiming she had spent the prior 70 days residing in Florida, as well as to a $5,000 payment the Defendant made to herself through her husband while telling the bank that the funds were a gift to her.

Given the Defendant's anticipated defense that she believed her husband had disposed of the couple's tax debt at the time she filed her loan applications, the jury will be left to decide what the Defendant knew about her tax debts and when did she know it. As an initial matter, the evidence of the Defendant's knowledge of her tax debt is overwhelming. She and her husband received notice after notice of the debt. The Defendant and her husband's tax debts date all the way back to 2014. The couple filed tax returns jointly for the years 2014 and 2018 (the 2018 tax return was filed in October of 2019). As a result of this, the taxes were jointly by the couple—no matter which member of the family maintained primary responsibility for coordinating the filing of tax returns— which is why notices are sent to both of them. The Mosby's tax debt was so bad, in fact, that the

IRS took out a lien against all property of "Nicholas J & Marilyn J Mosby" on February 21, 2020, and sent individual letters to inform them of this fact.

On June 17, 2020, the Defendant filed her 2019 tax return separately from her husband. The Court will recall this return because it was submitted as evidence in the first trial and contained Schedule C losses in the name of Mahogany Elite Enterprises totaling $5,000. In part due to these deductions, the tax return called for the Defendant to receive a refund of $549 from the IRS, and the return provided bank and routing number for the funds to be deposited. However, because the Defendant still owed money to the IRS and because a lien was in place, the IRS did not deposit these funds in the Defendant's account. Rather, the IRS sent a notice to the Defendant addressed only to "Marilyn J Mosby" to notify her that the IRS had taken those funds. Given the Defendant's struggle to obtain funds to use as a downpayment on her properties, presumably she would have noticed that she had not received the funds.

Also relevant to the Defendant's knowledge of her tax debt is the fact that the lien placed against the Mosby was widely reported in October 2020. In addition, the Attorney Grievance Commission of Maryland, Office of Bar Counsel sent notice to the Defendant, through attorney Brennan, that Bar Counsel was conducting an investigation regarding the Defendant's failure to pay taxes and requesting tax records. The Defendant then caused attorney Brennan to write several letters to Bar Counsel. Most notable for this case is the letter written by attorney Brennan on January 6, 2021. This letter contained a copy of an installment agreement signed by Nicholas Mosby on December 6, 2018, as well as a statement from the IRS to Nicholas J Mosby dated August 29, 2019 stating that, from the year long period of July 16, 2018 to July 15, 2019, there had been a total of $669 paid towards an installment agreement. These documents do not indicate that the debt has been paid off.

## II.     ARGUMENT

Because the Defendant merely repeats the same arguments made in her prior filings on this matter, the Government will not reiterate its arguments, made in ECF 270, that the communications between attorney Brennan and the Defendant resulting in his correspondence to Bar Counsel are not privileged. We will, however, address the new claims by the Defendant that the letter should be sanitized to remove reference to attorney Brennan's status as an attorney. Specifically, the Government objects to any further sanitization to the letters than that already contemplated, including reference to the sender as an attorney.

In the eyes of a jury, a letter written by an individual's lawyer is a statement of the individual, in a way that a statement of a spokesperson, agent, or friend might not be. The fact that it comes from the Defendant's lawyer and not, for example, a low-level employee in the Defendant's former place of business, is therefore relevant to the jury's determination of how much weight to give the evidence. To remove this from the letter removes some of the relevance of the letter and opens the letter up to a variety of attacks and interpretations. The Government therefore objects to the removal of the Defendant's lawyer's name and occupation from the letter.[1]

Given the clear relevance of the fact of authorship, the Defendant's motion to exclude such evidence under Rule 403 is equally unavailing. Rule 403 "is a rule of inclusion, generally favoring admissibility." *United States v. Miller*, 61 F.4th 426, 429 (4th Cir. 2023); (quoting *United States v. Udeozor*, 515 F.3d 260, 264-65 (4th Cir. 2008)). "Where evidence is probative, 'the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.'" *Id.* (quoting *United States v. Lentz*, 524 F.3d 501, 525 (4th Cir. 2008)); *United States*

---

[1] This discussion also harkens back to the Government's concern, expressed in the perjury trial, that the Defendant through questions of her witnesses planned to elicit testimony that letters written by her lawyers were made "for political reasons," after the Government had agreed in a stipulation that the letter was written by an "agent," rather than a lawyer.

*v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). In *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007), the Fourth Circuit emphasized that the exclusion of evidence pursuant to Rule 403 should be ordered only rarely, because the general policy of the Federal rules is that all relevant material should be laid before the jury. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).

The fact that the letter was written by the Defendant's lawyer, as discussed above, goes to its reliability and the fact that it is a statement of the Defendant herself. This of course goes to the fact that the Defendant was on notice of a tax debt at the time of the letter, and that the tax debt still had not been paid off, despite the existence of an installment agreement. This is particularly relevant because shortly after this letter, she made her second false statement on the Longboat Key application. There is no unfair prejudice from the fact that her lawyer wrote this letter. Any potential for unfair prejudice was eliminated by the Court's prior ruling on this case, and there was no finding or even request at the time by the Defendant to remove a reference to her lawyer. Regardless, despite the Defendant's claim, individuals engage lawyers for a variety of different reasons, and there is nothing about the fact that the letter came from a lawyer that would lead a jury to "assume she engaged in illegal tax-related conduct beyond the failure to pay income taxes alleged in the indictment." *See* ECF 342 at 6. There is much more to the law than criminal defense work. Lawyers draft and review contracts, trusts, and wills, patents, and they advise on any number of issues from administrative and employment law to healthcare and environmental law. A jury is sophisticated enough not to conclude, merely because a person engaged a lawyer, that they are guilty of a crime.

**III.   CONCLUSION**

For the reasons previously discussed in ECF 270, the Government reiterates that statements authorized by the Defendant to be made to a third party, and the conversations underlying those statements, are not privileged. In addition, the Government opposes any further attempts by the Defendant to remove language from the letters.

                                        Respectfully submitted,

                                        Erek L. Barron
                                        United States Attorney

By:   \_\_\_\_\_/s/_____
        Sean R. Delaney
        Aaron S.J. Zelinsky
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

                                _____/s/_____
                                Sean R. Delaney
                                Assistant United States Attorney